UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEREK SLOANE,

                      Plaintiff,

           - against -

WESTCHESTER COUNTY POLICE
DEPARTMENT, et al.,

                      Defendants.
------------------------------------------------------------x

06 Civ. 5372 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      By motion filed December 17, 2009, Defendants P.O. Joseph A. Kraus, Westchester County Department of Public Safety, incorrectly referred to in caption as Westchester County Police Department, and the County of Westchester, moved for summary judgment dismissing the Amended Complaint filed by Plaintiff Derek Sloane on or about October 29, 2008.[1]

Summary Judgment Standard

      Summary Judgment is granted if the moving party demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). To defeat a motion for summary judgment, it is insufficient for a party to raise some metaphysical doubt as to the material facts, to make conclusory allegations or unsubstantiated assertions or to raise only a scintilla of evidence in opposition.

---

[1] Although the moving papers indicate plaintiff was denied listing on the Court's pro bono counsel list by order of Judge McMahon dated April 16, 2007, this Court, upon transfer of the case from Westchester, granted the application in April, 2009.

1

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

## The Amended Complaint

The Amended Complaint alleges that while Plaintiff was asleep at a shelter operated by the Volunteers of America in Mount Vernon, New York on May 6, 2006, Police Officer Joseph A. Kraus ("P.O. Kraus") and two other policemen, named in the Amended Complaint as "Sgt. Lodge" and "P.O. Guiseppe,"[2] stormed sleeping area at 1:30-2:00 AM, struck Plaintiff violently about the legs with their flashlights and, after he said "What's going on?" and jumped up, grabbed him by the arms, removed him from the room, took him to the bathroom without his shoes, pushed his face against the wall, and placed a gun in his back while an officer demanded the keys to the vehicle he had driven to the shelter, a pick up truck. (Amended Complaint ("Compl.") at 3-5.)[3] At that point, Plaintiff told the officers the keys were in his pants and the officers found the keys to the truck in Defendant's pants pocket hanging in the sleeping area. (Id. at 5.)

The Amended Complaint states Plaintiff was then placed in handcuffs and leg irons and placed in a police vehicle barefoot and taken to Westchester County Police Headquarters where he was placed in a steel cage until his removal for a court appearance in Mount Pleasant Court later that day. (Id. at 7-9.) Until he was transported to Westchester County Jail after arraignment, the restraints were never removed and he was provided with neither food nor the use of a bathroom. (Id.; see also Deposition of

---

[2] Plaintiff has effected service of the Amended Complaint only on P.O. Kraus and the Westchester County Defendants.

[3] Page references to the Amended Complaint refer to page numbers within the fifteen-page, handwritten "Statement of Claim" section of the Amended Complaint. The Amended Complaint is attached to the Declaration of Fay Angela Jones dated December 16, 2009 ("Jones Decl.") as Exhibit A.

Plaintiff ("Pl. Dep.") at 34.)[4]  Plaintiff further alleges that on May 7, 2006, after he was taken to Court and arraigned for criminal possession of stolen property, P.O. Kraus punched him in the face for no apparent reason.  (Compl. at 9.)

The Amended Complaint asserts that in addition to his other injuries, Plaintiff suffered numbness of the hands and feet as a result of the prolonged application of the handcuffs and leg irons.  (Id. at 8; see also Pl. Dep. at 46-48.)

The Amended Complaint asserts violations of Plaintiff's constitutional rights and violations of his federal statutory rights under 42 U.S.C. § 1983 as well as state law claims of assault, battery and intentional infliction of emotional distress.  (Compl. at 10-13.)

## Defendants' Motion for Summary Judgment

Defendants' Motion for Summary Judgment seeks dismissal of Plaintiff's claims of excessive force under 42 U.S.C. § 1983 and the Constitution on the grounds that the injuries of which Plaintiff complains occurred while Plaintiff was being arrested for criminal possession of stolen property (the pick-up truck) which was owned by a party who never gave him permission or authority to use the vehicle.  (Pl. Dep. at 37.)  Plaintiff has admitted in sworn testimony that when he was asked to get up from his bed in the shelter, he did not comply for 2 to 3 minutes, which caused the officers to use the force they applied, and Plaintiff admitted he does not know which officer hit him with the flashlight.  (Id. at 19-20.)  Defendants also assert that Plaintiff has admitted that: (i) the first question asked was for the "keys for the truck;" (ii) he did not comply with this request immediately; and (iii) he repeatedly refused to exit the patrol car when P.O.

---

[4]   The transcript of Plaintiff's Deposition, taken November 4, 2009, is attached to the moving papers as Jones Decl., Ex. E.

3

Kraus requested him to do so which caused P.O. Kraus necessarily to use force. (Defendants' Memorandum in Support of Summary Judgment ("Def. Mem.") at 6; see also Pl. Dep. at 24-25, 39-41.)

The defense memorandum asserts that Plaintiff's admissions show that his actions during the arrest demonstrate a "pattern of resistance and non-compliance," justifying the amount of force used by the arresting officers. (Defendants' Reply Memorandum in Further Support of Summary Judgment ("Def. Reply Mem.") at 3.)

Defendants' memorandum further points out that at his deposition, Plaintiff admitted that only one officer struck him with his flashlight and that he did not see who and does not know who did so. (Def. Mem. at 6; Pl. Dep. at 19.) It also points out that Plaintiff admitted that he did not see which officer placed a gun in his back and never actually saw a gun placed against his body but that he knew from experience what a gun felt like. (Def. Mem. at 6; Pl. Dep. at 23-24.) Plaintiff also testified that Sgt. Lodge never touched him and he did not establish any personal involvement in the arrest or thereafter by Sgt. Lodge or P.O. Guiseppe. (Pl. Dep. at 49.)

Defendants maintain that the use of physical force was *de minimis* and not "repugnant to the conscience of mankind," and that Plaintiff has failed to show P.O. Kraus possessed a "wanton" state of mind during the incident, and thus the conduct complained of is simply that of an officer trying to effect the arrest of a non-compliant arrestee and Plaintiff's Amended Complaint does not rise to the level of a constitutional violation. (Def. Mem. at 7.)

As for Plaintiff's allegation in the Amended Complaint that he was punched by

P.O. Kraus for no apparent reason after he was transported to the Mt. Pleasant Court and arraigned (Compl. at 9), Defendants point out that at his deposition, Plaintiff testified that the incident occurred prior to his arraignment and after he had repeatedly refused to get out of the vehicle, necessitating the assistance of the Mount Pleasant Police. (Def. Mem. at 7; Pl. Dep. at 38-42.)[5]

In support of their claims that that Plaintiff's alleged injuries are *de minimis*, Defendants point out that he made no complaints when he arrived at Westchester County Jail on May 7, 2006 except chronic lower back pain and did not complain of any numbness in his extremities until over two weeks after his arrival on May 22, 2006.[6] (Def. Reply Mem. at 5; see also Westchester County Jail Intake and Medical Records, Jones Decl., Ex. F.)

Plaintiff's Answering Papers

Plaintiff, although advised by Defendants of the his right to file affidavits of fact in opposition to the motion pursuant to Local Civil Rule 56.2, has chosen to submit only a memorandum of law and to rely on the Defendants' attachments to the Jones Declaration dated December 16, 2009.

Plaintiff's response to the Defendants' Motion for Summary Judgment requests that the motion be denied on the grounds that genuine issues of material fact exist as to the extent of force used. (See Plaintiff's Memorandum of Law in Opposition to

---

[5] Plaintiff testified that he refused to get out because he was barefoot and could cut his feet. (Pl. Dep. at 39-41.)

[6] Defendants also assert that Plaintiff refused to comply with a court ordered medical exam on December 11, 2009 without his attorney being present, even though he had no attorney assigned at that time, and urge the Court to preclude Plaintiff from presenting any evidence of such injuries. (Def. Mem. at 8-9.) This application is denied in part. Plaintiff may not present any evidence that such injuries were evident on December 11, 2009 or thereafter but may present evidence about the injuries prior to December 11, 2009.

Defendants' Motion for Summary Judgment dated February 27, 2010 ("Pl. Opp'n Mem.").)[7]

Citing Zanghi v. Incorporated Village of Old Brookville, 752 F.2d 42, 47 (2d Cir. 1985) ("If the movant fails to meet that burden, the opponent will prevail even if the opponent submits no evidentiary matter to establish that there is indeed a genuine issue for trial."), Plaintiff argues that in an excessive force claim in order for Defendants' motion to succeed, the burden is on the Defendants to show that their actions were not objectively unreasonable, without regard to their underlying intent or motivation, under the facts and circumstances confronting the Defendants. (Pl. Opp'n Mem. at 4-5 (citing Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004)).) Plaintiff argues that where there is a dispute as to whether a plaintiff was resisting arrest or whether an officer's conduct was excessive under the circumstances, genuine issues of material facts are necessarily involved. (Pl. Opp'n Mem. at 5-6 (citing Cea v. Ulster County, 309 F. Supp. 2d 321, 333 (N.D.N.Y. 2004)).) Plaintiff also cites Graham v. Connor, 490 U.S. 386 (1989), pointing out that the use of force must "be judged from the perspective of a reasonable officer on the scene," id. at 396, not by the Defendants' underlying intent or motivation. Maxwell, 380 F.3d at 108.

Plaintiff argues that "although defendants claim that the officer's actions were reasonable in light of the circumstances, plaintiff has clearly raised an issue of material fact with respect to the reasonableness of the force that P.O. Kraus used," and that "if the force used was unreasonable and excessive, plaintiff may recover even if the injuries

---

[7] Plaintiff's memorandum in opposition was incorrectly captioned as a Notice of Motion and therefore docketed as a new motion for summary judgment on March 17, 2010. (See Docket Entry 68.)

6

inflicted were not permanent or severe." (Pl. Opp'n Mem. at 6 (citing Robison v. Via, 821 F.2d 913, 924 (2d Cir. 1987)).)

Defendants' Reply Memorandum

Defendants' Reply Memorandum argues that "while this Court is required to treat as true all allegations in the amended complaint for the purposes of the instant motion, many of the allegations contained in plaintiff's opposition papers have not been properly plead by the plaintiff in his amended complaint." (Def. Reply Mem. at 1.) Defendants go on to point out that Sgt. Lodge and P.O. Guiseppe[8] were never named or served by Plaintiff. (Id.) Plaintiff, by his answering memorandum and admissions at his deposition, however, makes plain he only seeks to proceed against P.O. Kraus so this argument is irrelevant to the Court's consideration. Defendants also point out that Plaintiff has failed to show excessive force committed by the Westchester County Defendants (Westchester County and Westchester County Police Department). This argument is also beside the point.

Defendants next argue that Plaintiff has failed to establish that P.O. Kraus is not entitled to qualified immunity. As Defendants' memo states, however, qualified immunity only shields government offices "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [officer] would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Plaintiff has pointed out that it is clearly established that the standard for evaluating excessive force must be based on objective factors such as the suspect's propensity for violence, the threat level of the crime at issue and the conduct of the

---

[8]   Defendants' Reply Memorandum refers to a "P.O. Guise"; this appears to be a reference to the person referred to elsewhere as P.O. Guiseppe.

arrestees.  See Amnesty America v. Town of West Hartford, 361 F.3d 113, 123-24 (2d Cir. 2004) (Sotomayor, J.).

      Here the evidence elicited at Plaintiff's deposition was that he was asleep in the shelter at 1:30-2:00 in the morning when the officers including P.O. Kraus sought to place him under arrest.  No evidence has been presented on this motion that the action of any officer in placing Plaintiff under arrest was caused by his resisting arrest, or that such actions were caused by knowledge that Plaintiff had a propensity for violence; nor has any evidence been presented as to the necessity for Plaintiff being placed in leg irons in addition to handcuffs or for the need for those restraints remaining in place for the length of time Plaintiff contends occurred.  No evidence has been presented on this motion that P.O. Kraus had reason to punch a barefoot prisoner in handcuffs and leg irons in an effort to have him exit a police vehicle, nor has any case law been cited for why qualified immunity could exist for such action.

Conclusion

      For the reasons discussed herein, Defendants' Motion to Dismiss the Amended Complaint as it pertains to an excessive force claim as to P.O. Kraus is denied.

      Defendants' summary judgment motion also requested dismissal of the claims against the Westchester County Police Department (Department of Public Safety) and Westchester County because *respondeat superior* liability does not apply to excessive force, assault, battery or intentional infliction of emotional distress claims, and because Plaintiff has presented no proof  that those Defendants have a policy or custom of inflicting excessive force against persons being arrested or persons in custody after arrest.

Plaintiff's responsive papers do not dispute either of these arguments. Accordingly, the Defendants' motion is granted as to those claims and they are dismissed.

The parties shall file a pre-trial order in accordance with the Court's Individual Rules of Practice by May 26, 2010. Trial is set in this matter for June 7, 2010 at 9:30am. Defendant shall provide a writ for the Court's signature to secure the Plaintiff's appearance on the trial date.

IT IS SO ORDERED.

Date: New York, New York
      May 11, 2010

Robert P. Patterson
U.S.D.J.

Copies of this order were sent to:

Derek Sloane, Plaintiff *Pro Se*
07-A-1140
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821-0051
(by mail with a copy of Individual Rules of Practice)

Fay Angela Jones
Westchester County Attorney's Office
148 Martine Avenue, Room 600
White Plains, NY 10601
Fax: 914-995-3132
(by fax)

9